**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**JIMMY HUGH DUVALL, JR., Individually, and
On behalf of the wrongful death beneficiaries of
BRANDON CROSS DUVALL, deceased**                        **PLAINTIFF**

**v.**                                        **CIVIL ACTION NO.: 3:18-cv-39-LG-LRA**

**SMITH COUNTY, MISSISSIPPI; and
JASON RUNNELS, In His Individual and Official Capacity; and
TRISTIN HERNANDEZ; and
SOUTHERN STYLES SALON; and
JOHN DOES 1-10; and JANE DOES 1-10; and
ABC CORPORATIONS 1-10**                                **DEFENDANTS**

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT JASON RUNNEL'S
MOTION FOR JUDGMENT ON THE PLEADINGS**

**COMES NOW,** Plaintiff, by and through counsel, and files this *Plaintiff's Memorandum in Opposition to Defendant Jason Runnel's Motion for Judgment on the Pleadings*, and in support thereof, would show unto the Court the following:

**INTRODUCTION**

This matter arises out of the intentional, deliberate conduct of Officer Jason Runnels (hereinafter "Officer Runnels" or "Defendant Runnels") on January 15, 2017, which caused the death of a pedestrian minor, Brandon Cross Duvall (hereinafter "Cross," "Brandon," or "Brandon Cross Duvall"). At approximately 4:10 AM on January 15, 2017, Officer Runnels drove his patrol car in excess of one hundred miles per hour (100 mph) down a two-lane highway toward the small town of Mize, Mississippi in response to a non-emergency. In doing so, Officer Runnels' motor vehicle struck a motorbike at the intersection of County Road 64 and Highway 28. Cross was a passenger on the motorbike and was killed due to the impact. His

father, Jimmy Hugh Duvall, Jr., has filed this pending cause of action against Defendant Jason Runnels due to Officer Runnels' actions on that day.

## FACTUAL BACKGROUND

The facts of this case are relatively simple, and are thoroughly described and alleged within Plaintiff's *Amended Complaint*. *See* Pl.'s Am. Complaint. Additionally, Defendant Tristin Hernandez has admitted each and every factual averment regarding Defendant Jason Runnels' actions on January 15, 2017. *See* Def.'s Answer ¶¶ 11-22. A copy of Defendant Hernandez's *Answer* was not attached to the file transmitted to this Court by the Circuit Court of Smith County, Mississippi. State Ct. R. Plaintiff, therefore, is attaching a copy of the filed *Answer and Affirmative Defenses of Defendant Tristin Hernandez, a minor*, as Exhibit "A" to this *Response*, as Plaintiff received a copy pursuant to the notice requirements of the Mississippi Rules of Civil Procedure.

Accordingly, both Plaintiff, and Defendant Hernandez, agree that on January 15, 2017, Defendant Jason Runnels was the driver of a motor vehicle owned by Smith County, Mississippi Sheriff's Department, and was travelling eastbound on Highway 28, driving toward Mize, Mississippi. Pl.'s Am. Complaint ¶ 2. Both further agree that the purpose of Defendant Runnels' travel was in order to respond to a dispatch call, which directed him to respond to a burglar alarm at Southern Styles Salon in Mize, Mississippi. *Id*. at ¶ 13. In doing so, Defendant Runnels responded to the call by travelling in excess of one hundred miles per hour (100 mph) with the full knowledge that no emergency existed at the property. *Id*. at ¶¶ 14-16. Defendant Runnels knew that the alarm was false because the specific alarm, in recent history, had falsely alerted the same authorities to other false emergencies at the property. *Id*. at ¶ 14. Both Plaintiff and Defendant Hernandez agree that, based upon Defendant Runnels' experience with the faulty

alarm system, he knew that no emergency existed on January 15, 2017, and that he was simply responding to a faulty alarm due to a malfunctioning system at the property. *Id.* at ¶14.

Further, throughout the *Amended Complaint*, Plaintiff alleges that Officer Runnels intentionally, recklessly, deliberately, and wantonly drove in excess of one hundred miles per hour (100 mph) down a two-lane country highway in response to a false alarm and non-emergency. *See* Pl.'s Am. Complaint. In addressing Defendant Runnels' liability in the context of state-law claims, Plaintiff, in paragraph 25 of the *Amended Complaint*, states, "Defendant Jason Runnels' actions and/or omissions on January 15, 2017, while driving the Smith County, Mississippi's Sheriff's Department's motor vehicle, were in a reckless disregard for the safety and well-being of Brandon Cross Duvall." Pl.'s Am. Complaint ¶ 25. In paragraph 26, Plaintiff states that Defendant Runnels breached his duty of care in numerous ways, "all of which were the proximate cause of the collision, and all of which were committed in a reckless disregard for the safety and well-being of Brandon Cross Duvall, who was not engaged in any criminal activity at the time of the collision." *Id.* at ¶ 26.

Next, in addressing Defendant Runnels' liability pursuant to 42 U.S.C. § 1983, et. seq., Plaintiff clearly states that Defendant Runnels "did willfully, intentionally and recklessly violate the civil rights granted unto Brandon Cross Duvall" under the Constitution of the United States of America. Pl.'s Am. Complaint ¶ 32. Paragraph 34 of the *Amended Complaint* addresses how the deprivation of Brandon Cross Duvall's constitutional rights occurred

> due to Defendant Runnels **intentional, reckless and wanton misuse of his vehicle** on January 15, 2017, at the direction of his supervising officers and Defendants. Such misuse caused Brandon Cross Duvall serious physical injury. At the time of the wreck between Brandon Cross Duvall's motorbike and Defendant Runnels' vehicle, **no emergency existed for Defendant Runnels to be travelling over one hundred miles per hour (100 mph). Alternatively, even if there was an emergency at the Southern**

> **Style Salon, or other business, there was no emergency so great as to warrant the intentional, excessive rate of speed for which Defendant Runnel's travelled.** This is an explicit violation of Brandon Cross Duvall's **substantive due process rights** under the constitutional provisions listed herein.

*Id*. at ¶ 34. (emphasis added).

Again, in addressing Defendant Smith County, Mississippi's liability, Plaintiff states, in paragraph 37, that Defendant Smith County, Mississippi implemented policies and procedures that were deliberately indifferent to Brandon Cross Duvall's constitutional rights and that said policies were "ultimately implemented and carried out through Officer Jason Runnels on January 15, 2017." *Id*. at ¶ 37. Continuing, Plaintiff states that Defendants' "unlawful actions were done **willfully, knowingly, and with the *specific intent*** to deprive [Brandon Cross Duvall] of his constitutional rights[.]" *Id*. at ¶ 38. (emphasis added).

Finally, in paragraph 58, Plaintiff addresses punitive damages as to all defendants, including Defendant Runnels, and why punitive damages should be awarded in this matter, stating,

> the acts, omissions, errors, failures, breaches, and conduct, including gross negligence and intentional misconduct, including, but not limited to, deprivation of Brandon Cross Duvall's rights under 42 U.S.C. § 1983, under Mississippi law and under the Federal Constitution [on the part of each Defendant, including] Defendant Jason Runnels, in his **individual and official capacity**, were willful and wanton in nature and exhibited a reckless disregard and deliberate indifference for the rights of Plaintiff, and, therefore, these actions, omissions, errors, failures, breaches, and conduct justify the award of punitive and/or exemplary damages, including all costs of court, attorney fees, and all damages contemplated by 42 U.S.C. § 1983, et. seq., Federal law and the laws of the State of Mississippi. Such an award of damages is just in this matter because Defendants, as listed herein, **have clearly acted with *actual malice* and gross negligence *which evidence a willful, wanton, and reckless disregard* for the safety of others, including Brandon Cross Duvall**.

*Id*. at ¶ 58.

These are the factual allegations contained within the face of Plaintiff's *Amended Complaint*. Defendant has misapprehended numerous allegations contained within Plaintiff's *Amended Complaint*; therefore, Plaintiff has provided a complete rendition of each and every specific allegation of intentional, deliberate misconduct perpetrated by Defendant Runnels on January 15, 2017.

## **CLAIMS**

Plaintiff has asserted claims against Defendant Runnels under state and federal law. Plaintiff does not oppose a dismissal of his federal claims under the Fifth and Eighth Amendments. However, Plaintiff still alleges his Fourteenth Amendment claim against Defendant Runnels, in his individual and official capacity, as such claim alleges that Brandon Cross Duvall suffered a deprivation of his life, liberty and property without due process of law. In other words, Plaintiff is making a federal claim against Defendant Runnels for the deprivation of Brandon Cross Duvall's substantive due process rights. Additionally, Plaintiff does not agree that Defendant Runnels is shielded from either individual liability, or liability in his official capacity, due to his asserted defense of qualified immunity.

As to the state claims, Plaintiff does not oppose a dismissal of any state law claim against Defendant Runnels in his individual capacity. However, Plaintiff still alleges any and all claims against Defendant Runnels in his official capacity. Plaintiff does not agree the qualified immunity shields Defendant Runnels from suit under the Mississippi Tort Claims Act, as argued by Defendant.

## **STANDARD OF REVIEW**

After pleadings are closed, but within such time as not to delay trial, a party may move for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). "A motion brought pursuant to Fed. R. Civ. P. 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Id*. (quoting *Herbert Abstract Co. v. Touchstone Propos., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990)(per curiam)). Therefore, such a motion is subject to the same pleading requirement of Rule 12(b)(6) dismissal. *Id*.

"The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002 (quoting *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001) (quoting *St. Paul Mercury Ins. Co.*, 224 F3d at 440 n.8)). And, "[p]eadings should be construed ***liberally***, and judgment on the pleadings is appropriate ***only if there are no disputed issues of fact*** and only questions of law remain." *Id*. (emphasis added).

The analysis of the complaint requires that the court accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff; however, the court does not have to accept as true conclusory allegations. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir. 2002). The Fifth Circuit has stated, "[t]he issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under ***any set of facts or any possible theory*** that he could prove consistent with the allegations in the complaint." *Id*. (quoting *Jones v. Greninger*, 188 F.3d 322, 324). (emphasis

added). To avoid dismissal, a complaint must be plausible on its face, meaning that the factual allegations must be enough to raise a right to relief above the speculative level. *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (citing *Ashcrof v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555)).

## ARGUMENT

First, Defendant Runnels misapprehends the factual allegations on the face of Plaintiff's *Amended Complaint*, as stated above. He further misapprehends the standard of review for Rule 12(c), and also misapprehends the requirements of stating a substantive due process claim pursuant to the Fourteenth Amendment under the circumstances herein. Second, Plaintiff has fully complied with each and every pleading requirement by alleging sufficient facts showing a plausible claim of relief against Defendant Jason Runnels. Therefore, Defendant has failed to show that Plaintiff's *Amended Complaint* fails to state a plausible claim for relief. For these reasons, this Court should deny Defendant Runnels' request for a judgment on the pleadings.

At no point throughout the entire *Amended Complaint* does Plaintiff allege that Brandon Cross Duvall, the decedent, was being pursued or chased by Defendant Runnels. Nowhere in the *Amended Complaint* is the allegation made that Defendant Runnels was attempting to *seize* Brandon. In fact, at no point throughout the entire *Amended Complaint* does Plaintiff allege that Defendant Runnels was attempting to seize *anyone*. Instead, a completely different and distinguishable set of facts has been alleged by Plaintiff—that Defendant Runnels was speeding in excess of one hundred miles per hour (100 mph) at approximately 4:10 AM on a two-lane highway in response to a *non-emergency*. This implies that he was not responding to a crime, or any other life-threatening emergency. Because of this, the "shock-the-conscience" standard so adamantly put forward by Defendant Runnels in support of his argument is inapplicable to

Plaintiff's claim. But, even if it were applicable, no objectionably reasonable officer would have performed or responded to a call for service to a non-emergency in the way that Defendant Runnels did on January 15, 2017.

The true test of Plaintiff's substantive due process claim is the test of deliberate indifference. Defendant Runnels, however, alleges that to state a substantive due process claim, Plaintiff must specifically state the intentional actions committed by Defendant Runnels, which "shock the conscience or violate the decencies of civilized conduct." In support of his argument, Defendant Runnels sites a 1998 opinion from the Supreme Court of the United States, *County of Sacramento v. Lewis*, 523 U.S. 833, 118 S. Ct. 1708, 1711 (1998). This case established a strict rule in regards to substantive due process claims in the context of high-speed chases, which was that high-speed chases with no intent to harm the suspect physically or to worsen their legal plight does not give rise to liability under the Fourteenth Amendment of the United States Constitution. *City of Sacramento v. Lewis*, 523 U.S. 833, 836, 118 S. Ct. 1708, 1711 (1998). And, if this case were a case involving a high-speed chase, this rule would apply. But, it is not such a case. Instead, this case involves a police officer who knowingly sped down a highway at an objectionably unreasonable speed in response to a non-emergency call, which means he was not in pursuit of any criminal. Defendant Runnels was *not* responding to a crime.

*Lewis* is informative as to the standard Plaintiff must meet in order to allege a valid Fourteenth Amendment substantive due process claim because in *Lewis* the Supreme Court of the United States explains the high-speed chase rule by comparing two scenarios: (1) where an officer is in hot pursuit of a suspect who has just committed a crime, and (2) the situation where an officer intentionally neglects prisoners by refusing necessary medical treatment. *Cnty. Of Sacramento v. Lewis*, 523 U.S. 833, 849-50, 118 S. Ct. 1708, 1718 (1998). At the core of both is

time—time to deliberate and make a choice on how to act. *Id*. The Court noted that, when officers are in hot pursuit, split-second decisions occur. *Id*. Most often, the officer is faced with either choosing to follow in hot pursuit of a person who is actively committing a crime, and who may cause further harm to the community, or to not follow the suspect and potentially let further harm occur. *Id*. In the prisoner scenario, officers have much more time to deliberate their actions, and the consequences of not acting are severely diminished. *Id*. There is no split-second decision that must be made in order to apprehend a criminal or protect the community at large from the criminal. The Court reasoned that when an officer has time to consider the consequences of his actions, and in doing so, still chooses to act in an unreasonable way, i.e., not providing needed medical care, a substantive due process claim can arise under the Fourteenth Amendment. *Cnty. Of Sacramento v. Lewis*, 523 U.S. 833, 849-50, 118 S. Ct. 1708, 1718 (1998). Our case is much more like the prisoner situation.

Here, Defendant Runnels knew that there was no emergency waiting for him at the Southern Styles Salon, yet he still chose to operate his motor vehicle in an objectionably unreasonably manner. No objectionably reasonable officer should deny a prisoner medical treatment if that medical treatment is necessary and readily available. *See Cnty. Of Sacramento v. Lewis*, 523 U.S. 833, 850, 118 S. Ct. 1708, 1718 (1998). In the same way, no officer should be allowed to travel in excess of one hundred miles per hour (100 mph) down a two-lane highway at 4:10 AM because, through his own actions, he actually *increases the risk* to the public rather than diminishes it. Defendant Runnels did not have to make a split-second decision to apprehend a suspect. As stated in Plaintiff's *Amended Complaint*, Defendant Runnels knew that the alarm was false. Driving the speed limit and obeying the laws of the State of Mississippi in response to a call for service that was not an emergency would have been reasonable under the

circumstances, but he chose not to obey the speed limit and to risk the lives of pedestrian such as Cross by driving with the deliberate indifference to the lives and safety of the individuals who were in the near vicinity of his unwarranted driving.

Additionally, Defendant Runnels argues qualified immunity protects him for Plaintiff's federal law claims and state law claims, but, if taken as true, the facts alleged against him shred any insulation he claims pursuant to that affirmative defense. To prove that he is liable under the Mississippi Tort Claims Act, Plaintiff must show that he acted with a reckless disregard for the safety and well-being of any person not engaged in criminal activity at the time of injury. *City of Jackson v. Lewis*, 153 So. 3d 689, 693 (Miss. 2014). Reckless disregard is something more than mere negligence, but less than an intentional act. *Id*. Further, reckless disregard occurs when the conduct involved shows not only some appreciation of the unreasonable risk involved, but also a deliberate disregard of that risk and the high probability of harm involved. *Id*. Clearly Plaintiff has pled enough factual allegations showing that he is entitled to relief beyond a speculative level for the claims asserted against Defendant Runnels in his official capacity as a police officer for Smith County, Mississippi.

The purpose of Rule 12(c) is not to extinguish a plaintiff's right to pursue his or her claims on the merits when the facts alleged actually state a plausible claim for relief. Here, there is a clear dispute between the facts alleged in Plaintiff's *Amended Complaint* and Defendant Runnels' version of events. This is shown through Defendant Hernandez's agreement in his *Answer* to Plaintiff's *Amended Complaint*. Defendant Runnels has attempted to kick Plaintiff's cause of action out the door before evidence can be put on regarding the allegations against him. It is clear that Plaintiff has alleged sufficient fact showing that he is entitled to relief beyond the speculative level under the deliberate indifference standard. But, even if this Court were to apply

the heightened standard under *Lewis*, Plaintiff's *Amended Complaint* still alleges that Defendant Runnels intentionally acted on January 15, 2017, and that his actions were objectionably unreasonable in light of the circumstances of the call he received. No one was in danger. It was 4:10 AM, and he was travelling on a two-lane road in excess of one hundred miles per hour (100 mph). No one, including the two boys who were injured, stood a chance against his truck barreling down the roadway.

If this Court were to dismiss Plaintiff's claims against Defendant Runnels at this juncture, it would fail to adhere to the spirit of why the protections of the Fourteenth Amendment exist. As the Court in *Lewis* stated, "the touchstone of due process is protection of the individual against arbitrary action of government, whether the fault lies in a denial of fundamental procedural fairness, or in the exercise of power without any reasonable justification in the service of a legitimate government objective." This is the case at hand. *Cnty. Of Sacramento v. Lewis*, 523 U.S. 833, 846, 118 S. Ct. 1708, 1716 (1998).

Alternatively, should this Court grant Defendant Runnels' *Motion*, Plaintiff requests that this Court grant the relief requested in his *Motion for Leave to File Second Amended Complaint*, and his *Memorandum In Support of Motion for Leave to File Second Amended Complaint*. Plaintiff hereby incorporates the arguments, authorities, and requests for relief therein, as if fully copied herein, and requests the same in the event Defendant Runnels' *Motion* is granted.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully requests that this Court deny Defendant Jason Runnels' *Motion for Judgment on the Pleadings*, and his supporting arguments in his *Memorandum of Authorities in Support of Motion for Judgment on the Pleadings*. Alternatively, should this Court grant the relief requested by Defendant Runnels,

Plaintiff prays that this Court grant him leave to file his proposed *Second Amended Complaint*.

Plaintiff prays for any other general relief for which he may be entitled.

    **RESPECTFULLY SUBMITTED,** this the 21st day of February 2018.

                                **JIMMY HUGH DUVALL, JR.**

                                /s/ Megan E. Timbs, Esq.
                                Megan E. Timbs (MSB# 105331)

Derek L. Hall (MSB# 10194)
Megan E. Timbs (MSB# 105331)
DEREK L. HALL, PC
1911 Dunbarton Drive
Jackson, MS 39216
Phone: (601) 202-2222
Facsimile: (601) 981-4717
Email: derek@dlhattorneys.com
Email: megan@dlhattorneys.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, Megan E. Timbs, hereby certify that I have, this day, electronically filed the foregoing *Plaintiff's Response in Opposition to Defendant Runnels' Motion for Judgment on the Pleadings* with the Clerk of this Court using the ECF system, which gave notification to the following:

> Raymond P. Tullos, Esq.
> TULLOS AND TULLOS
> PO Box 74
> Raleigh, MS 39153-0074
> Tel: 601-781-4242
> Fax: 601-782-4212
> Email: raymondtullos@tullosandtullos.com
> *Attorneys for Tristen Hernandez*
>
> Crymes M. Pittman, Esq.
> PITTMAN, GERMANY, ROBERTS & WELSH, L.L.P.
> PO Box 229825
> Jackson, MS 39225
> Tel: 601-948-6200
> Fax: 601-948-6187
> *Attorneys for Tristen Hernandez*
>
> William R. Allen, Esq.
> J. Chadwick Williams, Esq.
> ALLEN, ALLEN, BREELAND & ALLEN, PLLC
> P. O. Box 751
> Brookhaven, MS 39602-0751
> Tel. 601-833-4361
> Fax 601-833-6647
> Email: wallen@aabalegal.com
> Email: cwilliams@aabalegal.com

THIS the 21st day of February 2018.

/s/ Megan E. Timbs, Esq.
Derek L. Hall, PC
