IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JIMMY HUGH DUVALL, JR., Individually, and
on behalf of the wrongful death beneficiaries of
BRANDON CROSS DUVALL, deceased**                                            **PLAINTIFF**

**VS**                                                              **CAUSE NO. 3:18-cv-39-LG-LRA**

**SMITH COUNTY, MISSISSIPPI; and
JASON RUNNELS, In His Individual and Official Capacity; and
TRISTIN HERNANDEZ; and
SOUTHERN STYLES SALON; and
JOHN DOES 1-10; and JANE DOES 1-10; and
ABC CORPORATIONS 1-10**                                                   **DEFENDANTS**

**SECOND AMENDED COMPLAINT
(JURY TRIAL DEMANDED)**

**COMES NOW,** your Plaintiff, Jimmy Hugh Duvall, Jr., individually, as well as in his capacity as the Court appointed Administrator of the Estate of Brandon Cross Duvall, and next of kin, and on behalf of the wrongful death beneficiaries of Brandon Cross Duvall, deceased, by and through his attorneys of record, Derek L. Hall, PC, and files this, his *Second Amended Complaint* against the Defendants herein, and in support of said *Second Amended Complaint*, would show unto this Honorable Court the following:

**PARTIES**

1.  The Plaintiff, Jimmy Hugh Duvall, Jr. (sometimes hereinafter referred to as "Mr. Duvall") is an adult resident citizen of Wayne County, Mississippi, and is the natural father of the decedent, Brandon Cross Duvall (sometimes hereinafter referred to as "Brandon," "Cross," "deceased," or "decedent"), who departed this life in Smith County, Mississippi, on or about the 15th day of January 2017. Mr. Duvall now serves as the duly appointed Administrator of the Estate of Brandon Cross Duvall, decedent, by prior *Order* of the Probate Court of Smith County, Mississippi. Plaintiff is now

1

bringing this action on behalf of the heirs of Brandon, identified below and on behalf of the wrongful death beneficiaries.

2. Defendant, Smith County, Mississippi, is a county in the State of Mississippi, and can be served with process of this Court through its Chief Executive Officer, the Chancery Clerk of Smith County, Mississippi, Cindy Austin, who may be served with process of this Court at 123 Main St., Raleigh, MS, 39153, or wherever she may be found. Such process is pursuant to the Mississippi Tort Claims Act (hereinafter sometimes referred to "MTCA"), § 11-46-1, et. seq.

3. Defendant Jason Runnels (hereinafter "Officer Runnels" or "Defendant Runnels") is an adult resident citizen of Smith County, Mississippi, who may be served with process of this Court at 113 SCR 56, Mize, MS, 39116, or wherever he may be found.

4. Defendant Tristin Hernandez (sometimes hereinafter referred to as "Mr. Hernandez" "Tristin" or "Defendant") is an unmarried infant of Smith County, Mississippi, who, based upon information and belief, is fourteen (14) years of age or older, and who can be personally served with process of this Court at 1879 SCR 66, Mize, MS, 39116, or wherever he may be found. Defendant Tristin Hernandez may also be served by and through his next adult friend, Audra Hernandez, who may be served with process of this Court at 1879 SCR 66, Mize, MS, 39116, or wherever she may be found.

5. Based upon information and belief, Defendant Southern Styles Salon is a sole proprietorship owned and operated by Jennifer Joy Lowery, which may be served through its owner, Jennifer Joy Lowery, at 106 North Oak Street, Mize, Mississippi, 39116, or wherever she may be found.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over this claim as it is brought under the laws of the State of Mississippi, namely the Mississippi Tort Claims Act, § 11-46-1, et. seq. This Court further has concurrent jurisdiction over this claim as a violation of a United States citizen's rights under the laws

of the United States has occurred. Therefore, this claim is also brought pursuant to 42 U.S.C. § 1983, et. seq.

7. The Court has personal jurisdiction over this matter in that all Defendants hereto are residents or entities of the State of Mississippi, all located within Smith County, Mississippi.

8. Venue is proper as all or most of the acts, errors, and omissions occurred in whole or in part in Smith County, Mississippi.

## FACTS AS TO ALL COUNTS

9. On the night of January 14, 2017, Defendant Officer Jason Runnels, an officer for Smith County, Mississippi Sheriff's Department, was on-duty. His shift carried over until the following morning of January 15, 2017. At approximately 3:35 AM, Officer Runnels' shift ended for the night/day, and he headed home on Highway 28, toward the town of Magee, Mississippi.

10. At approximately 4:08 AM, the Radio Dispatch for Smith County, Mississippi, and the town of Mize, Mississippi, received a notification from an unknown security company, which reported that the alarm system for a local business, located at 112 North Oaks Street, Mize, Mississippi, 39116, had been triggered by motion in the front and rear of the building.

11. The dispatcher then contacted Officer Runnels, even though he was off-duty at the time, and requested that he respond to this notification and call for service. Based upon information and belief, Officer Runnels had been off duty for approximately forty minutes (40 min.) at the time he received the call. Based upon information and belief, the dispatcher conveyed to Officer Runnels on the call that no ongoing crime had been reported, but that a call for service from a security company had been made, requesting that an officer check out the property because the alarm system had detected motion at the front and rear of the building.

12. Additionally, based upon information and belief, the report submitted by the security company was completely false in nature because the alarm system at the local business had recently malfunctioned and was malfunctioning again on the morning in question. Each Defendant herein,

3

except for Defendant Hernandez, knew, or should have known, that the call for service was false in nature because the specific system had, in recent history, malfunctioned and provided false reports of activity at the property to Defendants. Based upon their experience with and knowledge of the faulty alarm system, coupled with the time of day of the alarm, Defendants, including Officer Runnels, knew that no emergency existed at 112 North Oak Street, Mize, Mississippi, 39116, on the early morning of January 15, 2017.

13. Based upon information and belief, Southern Styles Salon, owned and operated by Jennifer Joy Lowery, was the business located at 112 North Oaks Street, Mize, Mississippi, 39116, on January 15, 2017. Based upon information and belief, as the owner of the business, Defendant Lowery failed to repair the malfunctioning alarm system, which ultimately caused the alarm to go off on January 15, 2017.

14. Based upon information and belief, Officer Runnels was headed to his home on Highway 28, toward the town of Magee, Mississippi, when he received the call for service. Based upon information and belief, at the time of receiving the call, which was approximately 4:08 AM, Officer Runnels turned around and headed eastbound on Highway 28, toward Mize, Mississippi. Based upon information and belief, Officer Runnels had been travelling homeward for approximately forty minutes (40 min.) before he received the call to turn around.

15. At approximately 4:09 AM, Officer Runnels radioed dispatch and confirmed that he was back on-duty and would respond to the call for service at 112 North Oaks Street, Mize, Mississippi, 39116.

16. Based upon information and belief, at approximately 4:10 AM, Officer Runnels telephoned the same Radio Dispatch and reported that he hit a motorcycle with his vehicle.

17. At approximately 4:44 AM, another officer followed up on the call for service originally sent to Officer Runnels, and, upon arriving at the scene, confirmed with dispatch that everything was "ok" at 112 North Oak Street, Mize, Mississippi, 39116. No further action took place by any police force,

including Smith County Sheriff's Department, in relation to the call for service because no danger existed and no crime had been committed at the property. Instead, everything was reported to be "ok" at 112 North Oak Street, Mize, Mississippi, 39116.

18. Officer Runnels turned his vehicle around on Highway 28, and intentionally sped off toward Mize, Mississippi, in excess of one hundred miles per hour (100 mph) with full knowledge and awareness that the call for service was not a call for an emergency. Officer Runnels knew that no burglary had been reported, no break-in had been reported, no robbery was ongoing, and no person or property was in danger. The content of the call for service was a request—by a security company—to inspect the location for a potential issue because the faulty alarm system showed motion in the front and the back of the property. This, again, was an alarm system that Officer Runnels and the Smith County's Sheriff Department knew provided false reports of activity at that location. Officer Runnels knew, or should have known, that there was no emergency so great as to warrant the intentional, excessive rate of speed for which he responded to the call for service because he was not in pursuit of a suspect and no crime had even been reported. Officer Runnels had no reason—whatsoever—to be travelling at the speed and in the reckless manner he did at 4:10 AM on January 15, 2017.

19. Based upon information and belief, including at least one eyewitness, Officer Runnels did not have on any blue lights, warning signals, sirens, and/or other alert system activated upon his drive to Mize, Mississippi, even though he was speeding in excess of one hundred miles per hour (100 mph) down Highway 28, which is a two-lane road.

20. The actions taken by Officer Runnels, as described herein, exhibit contemplation and intent, meaning that he had sufficient time to deliberate and choose to respond to the call for service in such a shocking manner. No objectionably reasonable police officer would respond to a non-emergency call in this reckless manner.

21. Alternatively, even if the alarm system was not malfunctioning, and Defendants, including Officer Runnels, were not aware of the malfunction, the actions taken by Officer Runnels were still

severely reckless, deliberately and intentionally indifferent to the community at large under the totality of the circumstances. No objectionably reasonable police officer would respond to a non-emergency call in the same reckless manner as Officer Runnels responded. It was 4:10 AM in the morning, and no crime had been reported. Still, Officer Runnels chose to travel in excess of one hundred miles per hour (100 mph) without any blue lights, sirens, or other warnings on a two-lane highway in response to a non-emergency.

22. Due to Officer Runnels' actions, his vehicle crashed into a motorbike, which he reported to dispatch at approximately 4:10 AM. The collision involved two pedestrian minors, Tristin Hernandez and Cross Duvall, who is also the decedent herein.

23. It is unknown at this time whether Tristin and Cross were stopped at the stop sign at the end of County-Road 64, or if they were travelling eastbound on Highway 28, toward Mize, Mississippi, at the time of the collision. Therefore, Officer Runnels further committed additional shocking and deliberate acts by driving in the middle of a two-lane roadway while travelling at a speed in excess of one hundred miles per hour (100 mph) without any blue lights or sirens. Based upon information and belief, Officer Runnels swerved and/or drove his motor vehicle into the lane occupied by Tristin and Cross.

24. What is known is that the impact of Officer Runnels' motor vehicle killed Cross Duvall and severely injured the driver of the motorbike, Tristin Hernandez.

25. Defendant Hernandez drove the motorbike without any headlights.

26. Additionally, Cross was not engaged in any criminal activity at the time of the collision and was not being pursued by Defendant Runnels. Defendant Runnels was not in pursuit of any person at the time of the collision. Instead, as stated herein, Officer Runnels was not responding to a crime at all but was instead responding to a call for service to visit a local business and confirm that everything was ok.

I. **COUNT ONE—MISSISSIPPI TORT CLAIMS ACT LIABILITY AS TO DEFENDANT SMITH COUNTY, MISSISSIPPI, AND DEFENDANT JASON RUNNELS, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY**

27. Plaintiff reasserts and re-alleges each and every fact and allegation in paragraphs 1-26, of this *Second Amended Complaint* and incorporates them by reference, as if fully set forth herein.

28. The subject collision and resulting damages were proximately caused by Defendant Jason Runnels' reckless acts with no contributory negligence on behalf of Brandon Cross Duvall, deceased.

29. Defendant Jason Runnels' intentional actions and/or omissions on January 15, 2017, while driving the Smith County, Mississippi's Sheriff's Department's motor vehicle in excess of one hundred miles per hour (100 mph), were in a reckless disregard for the safety and well being of Brandon Cross Duvall.

30. Defendant Runnels breached his duty of care owed to Cross on or about January 15, 2017, when he failed to operate his vehicle in a lawful, prudent and proper manner, failed to maintain a proper lookout, failed to take any reasonable steps to avoid the subject vehicular collision, grossly, wantonly, and with a reckless disregard for the safety of others, drove at an excessive speed under the conditions of the roadway on January 15, 2017, improperly attempted to pass the motorbike occupied by Brandon Cross Duvall, deceased, swerved into oncoming traffic, drove in the middle of a two-lane highway, failed to maintain reasonable control of his vehicle, failed to use his motor vehicle's brakes, failed to keep a reasonable distance form the rear of the motorcycle occupied by Brandon Cross Duvall, deliberately responded in a reckless manner to a false alarm, and other intentional, reckless and gross acts of negligence, all of which were the proximate cause of the collision, and all of which were committed in a reckless disregard for the safety and well-being of Brandon Cross Duvall, who was not engaged in any criminal activity at the time of the collision.

31. As a direct and proximate result of Defendant Runnels' reckless disregard for Brandon Cross Duvall's life and safety, Brandon Cross Duvall suffered the loss of his life.

32. At all times relevant and material herein, the Defendant, Jason Runnels, was acting as the agent, servant, and employee of his employer, Defendant Smith County, Mississippi, and he was acting within the scope of his authority and employment and in furtherance of his employer's business. Any reckless disregard for the safety and well being of Brandon Cross Duvall shall be imputed unto his employer, Defendant Smith County, Mississippi.

33. Additionally, Plaintiff seeks to hold Defendant Jason Runnels liable in his official capacity for his actions, which are described herein.

II. **COUNT TWO—VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983, ET. SEQ., AS TO DEFENDANT SMITH COUNTY, MISSISSIPPI AND DEFENDANT JASON RUNNELS, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY**

34. Plaintiff reasserts and re-alleges each and every fact and allegation in paragraphs 1-33, of this *Second Amended Complaint* and incorporates them by reference, as if fully set forth herein.

35. This cause of action is brought by the Plaintiff against the Defendants for violation of Brandon Cross Duvall's civil rights, both under the Constitution of the United States of America and of the Constitution of the State of Mississippi.

36. By their conduct, as described herein, and acting under color of state law to deprive Brandon Cross Duvall from his civil rights, the Defendants are liable for their violation of 42 U.S.C. § 1983, et. seq., which prohibits the deprivation under color of state law of rights secured under the Constitution of the United States.

37. Defendants did willfully, deliberately, intentionally and recklessly violate the civil rights granted unto Brandon Cross Duvall by the Fourteenth Amendment to the Constitution of the United States of America, as well as the similar rights and guarantees granted to Brandon Cross Duvall by the similar clauses of the Constitution of the State of Mississippi.

38. Specifically, Defendants are liable to Plaintiff under 42 U.S.C. § 1983, et. seq., for the violation, under color of state law, of the constitutional right to be free from any deprivation of life,

liberty, and property without due process of law under the Fourteenth Amendment to the Constitution of the United States, as well as the similar rights and guarantees granted to Brandon Cross Duvall by the similar clauses of the Constitution of the State of Mississippi.

39. Such deprivation of rights occurred due to Defendant Runnels intentional, reckless, deliberate and wanton misuse of his vehicle on January 15, 2017, at the direction of his supervising officers and Defendant Smith County, Mississippi. Defendant Runnels' actions are described in detail herein. Defendant Runnels intentionally drove his motor vehicle in excess of one hundred miles per hour (100 mph) without any blue lights, warning signals, or sirens, down a two-lane highway in response to a non-emergency. Defendant Runnels made a deliberate decision to respond to a non-emergency in the manner that he did on January 15, 2017, knowing that he was not giving chase or in pursuit of a suspect, perpetrator or known criminal.

40. Such intentional misuse of his motor vehicle caused Brandon Cross Duvall the loss of his life. Defendant Runnels was never in pursuit of a suspect, giving chase to any potential perpetrator of a crime, or responding in a way to protect the community at large from some potential harm. Instead, Officer Runnels was responding to a call for service from a local business to make sure everything was ok.

41. Alternatively, even if there was an emergency at the Southern Style Salon, or any other business, there was no emergency so great as to warrant the intentional, excessive rate of speed for which Defendant Runnels' travelled because he was not in pursuit of a suspect. Officer Runnels had no reason—whatsoever—to be travelling in the manner he did at 4:10 AM on January 15, 2017. Officer Runnels' actions are an explicit violation of Brandon Cross Duvall's substantive due process rights under the constitutional provisions listed herein.

42. As a direct and proximate result of Defendant Runnels' actions, Brandon Cross Duvall suffered the loss of his life.

43. At all times relevant and material herein, the Defendant, Jason Runnels, was acting as the agent, servant, and employee of his employer, Defendant Smith County, Mississippi, and he was acting within the scope of his authority and employment and in furtherance of his employer's business. Any action committed by Defendant Runnels shall be imputed unto his employer, Defendant Smith County, Mississippi.

44. At all relevant times herein, Defendant Smith County, Mississippi developed, implemented, enforced, encouraged, and sanctioned de facto policies, practices, procedures, and/or customs exhibiting deliberate and intentional indifference, as described herein, to Brandon Cross Duvall's constitutional rights, and caused the violation of such rights by Officer Runnels. Such policies, practices, procedures, and/or customs exhibiting such a deliberate and intentional indifference were ultimately implemented and carried out through Officer Jason Runnels on January 15, 2017. Such actions of Officer Runnels were taken due to the policies, practices, procedures, and/or customs of Defendant Smith County, Mississippi, as listed and described herein. Further, Defendant Smith County, Mississippi failed to train Officer Jason Runnels in how to appropriately respond to a non-emergency call, how to drive his motor vehicle while on-duty, and how to respond to any call for service, whether a non-emergency or emergency. This failure to train is included herein as a de facto policy, practice, procedure and/or custom, which exhibited a deliberate and intentional indifference, as described herein, to Brandon Cross Duvall's constitutional rights, and such failure to train, along with the other policies, procedures, practices, de facto policies, and/or customs of Defendant Smith County, Mississippi, caused the violation of such rights by Officer Runnels.

45. Defendant Smith County, Mississippi's unlawful actions were done willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights under the Fourteenth Amendments to the Constitution of the United States, as well as the similar rights and guarantees granted to Brandon Cross Duvall by the similar clauses of the Constitution of the State of Mississippi.

46. Additionally, Plaintiff seeks to hold Defendant Jason Runnels liable in his individual and official capacity for his actions, which are described herein.

47. As a direct, immediate, and proximate result of Defendants' actions, Brandon Cross Duvall sustained damages of a personal and pecuniary nature, including physical, mental and emotional injury and pain, mental anguish, suffering, and loss of life, along with other damages to be proven at trial. Defendants have acted with deliberate and intentional indifference to the constitutional rights of Brandon Cross Duvall. As a direct and proximate result of the acts of Defendants, as stated herein, Brandon Cross Duvall's constitutional rights have been violated, which has caused Plaintiff to suffer physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, and embarrassment, along with other damages to be proven at trial.

### III.    COUNT THREE—NEGLIGENCE AS TO TRISTIN HERNANDEZ

48. Plaintiff reasserts and re-alleges each and every fact and allegation in paragraphs 1-47, of this *Second Amended Complaint* and incorporates them by reference, as if fully set forth herein.

49. The subject collision on January 15, 2017, and resulting damages suffered by Brandon Cross Duvall were proximately caused by Defendant Tristin Hernandez's negligent acts with no contributory negligence on behalf of Brandon Cross Duvall.

50. Defendant Hernandez breached his duty of care on or about January 15, 2017, when he failed to operate his motorbike in a lawful, prudent and proper manner, failed to use any lights on the motorbike while driving, drove a motorbike without any safety lights, drove while impaired, failed to maintain a proper lookout, failed to maintain reasonable control of the motorbike, drove the motorbike without a proper license, stopped the motorbike in the middle of the roadway, and committed other general acts of negligence, all of which were the proximate cause of the collision. Such failures constitute a careless and reckless operation by Defendant Hernandez of the motorbike.

51. As a direct and proximate result of Defendant Hernandez's negligence, Brandon Cross Duvall sustained damages of a personal and pecuniary nature, including physical, mental and

emotional injury and pain, mental anguish, suffering, and loss of life, along with other damages to be proven at trial.

### IV.    COUNT FOUR—NEGLIGENCE AS TO SOUTHERN STYLES SALON

52. Plaintiff reasserts and re-alleges each and every fact and allegation in paragraphs 1-51, of this *Second Amended Complaint* and incorporates them by reference, as if fully set forth herein.

53. Based upon information and belief, the subject motor vehicle collision on January 15, 2017, as described herein, was directly and proximately caused by Defendant Jason Runnels' response to a faulty safety alarm system owned and controlled by Defendant Southern Style Salon.

54. Based upon information and belief, this alarm had previously sent false alerts to authorities.

55. Based upon information and belief, Southern Styles Salon, owned and operated by Jennifer Joy Lowery, failed to fix any malfunction with the alarm system and failed to disable the alarm until adequate repairs were made.

56. Due to these failures to maintain and repair the alarm system, the alarm malfunctioned on January 15, 2017, causing a chain of events to begin, including a response to the call for service by Officer Runnels.

57. As a direct and proximate result of Defendant Southern Style Salon's negligence, Brandon Cross Duvall sustained damages of a personal and pecuniary nature, including physical, mental and emotional injury and pain, mental anguish, suffering, and loss of life, along with other damages to be proven at trial.

### INJURIES AND DAMAGES AS TO ALL DEFENDANTS

58. Plaintiff hereby adopts and incorporates by reference all of the allegations stated herein.

59. Brandon Cross Duvall's injuries, death and damages are the direct and proximate result of negligence on the part of all Defendants herein.

60. As a result of the wrongful death of Brandon Cross Duvall, decedent, Plaintiff, as well as the Estate of Brandon Cross Duvall, have suffered damages individually and/or collective, which are as follows:

    (1)    Costs of final medical expenses and funeral expenses;

    (2)    Loss of enjoyment of life of Brandon Cross Duvall;

    (3)    Conscious pain and suffering of Brandon Cross Duvall;

    (4)    Loss of society and companionship of Brandon Cross Duvall;

    (5)    The net cash value of the life of Brandon Cross Duvall;

    (6)    And other losses, which shall be proven during the trial of this matter.

61. By reason of Brandon Cross Duvall's death, his heirs, acting through Plaintiff Jimmy Hugh Duvall, Jr., have been permanently deprived of the love, care, comfort, companionship, services, society, solace, affection, instruction, advice, training, guidance, protection, counsel, contributions, accumulations, inheritance and right of inheritance of Brandon Cross Duvall, and have suffered grief and sorrow, all to their damage in an amount within the jurisdiction of this Court, and according to proof.

62. By reason of Brandon Cross Duvall's death, Decedent's power to earn and accumulate money and property has been destroyed, and Brandon Cross Duvall's heirs, acting through Plaintiff, have been permanently deprived of this support.

63. By reason of said incident, Plaintiff has lost the use of and interest on the money owed to Plaintiff from the date of this incident to judgment as permitted by law on the lost support and on the pecuniary value of the loss of love, care, comfort, companionship, services and society.

64. For the wrongful death of Brandon Cross Duvall, and as a direct and proximate result of the negligent and intentional acts of the Defendants, Plaintiff Jimmy Hugh Duvall, Jr., Individually, and for and on behalf of the wrongful death survivors and beneficiaries of the Estate of Brandon Cross Duvall, are entitled to recover the following:

    (1)    Actual damages for the pain and suffering and mental anguish endured and suffered by Brandon Cross Duvall prior to his death;

    (2)    Actual damages for the loss of companionship, society, love and affection, training and guidance between Brandon Cross Duvall and his survivors due to his untimely death;

    (3)    The present net cash value of the life expectancy of Brandon Cross Duvall;

    (4)    Exemplary and/or punitive damages;

    (5)    Loss of the enjoyment of the life of Brandon Cross Duvall;

    (6)    All damages of every kind of Brandon Cross Duvall, decedent, as mandated and allowable under Section 117-13, of the Mississippi Code Annotated, as supplemented and amended.

65. Additionally, the acts, omissions, errors, failures, breaches, and conduct, including gross negligence and intentional misconduct, including, but not limited to, deprivation of Brandon Cross Duvall's rights under 42 U.S.C. § 1983, under Mississippi law and under the Federal Constitution, on the part of Defendant Smith County, Mississippi and Defendant Jason Runnels, in his individual and official capacity, were willful and wanton in nature and exhibited a reckless disregard and deliberate indifference for the rights of Plaintiff, and, therefore, theses actions, omissions, errors, failures, breaches, and conduct justify the award of punitive and/or exemplary damages, including all costs of court, attorney fees, and all damages contemplated by 42 U.S.C. § 1983, et. seq., Federal law and the laws of the State of Mississippi. Such an award of damages is just in this matter because Defendants, as listed herein, have clearly acted with actual malice, deliberate indifference and gross negligence, which evidences a willful, wanton, intentional and reckless disregard for the safety of others, including Brandon Cross Duvall.

## **ESTATE DAMAGES AS TO ALL DEFENDANTS**

66. Plaintiff hereby adopts and incorporates by reference all of the allegations stated herein.

67. As a direct and proximate result of the negligence and actions of the Defendants, Plaintiff is entitled to recover from said Defendants, any and all assets which the Estate of Brandon Cross Duvall, Deceased, is entitled to recover, including, but not limited to: (1) Any and all funeral expenses; (2) Cost of the Administration of the Estate; (3) Any and all other damages recoverable by Plaintiff as assets of the Estate of Brandon Cross Duvall.

## FICTITIOUS PARTIES

68. Plaintiff hereby adopts and incorporates by reference all of the allegations stated herein.

69. Plaintiff further avers that the negligence and omissions of the Fictitious Defendants, identified as Defendants "John Does 1-10" and "Jane Does 1-10," combined and convened with the rest of the named Defendants to proximately cause the Plaintiff's injuries and damages. Defendants "John Does 1-10" and "Jane Does 1-10," whose current names and identities are unknown to the Plaintiff will be correctly named and identified when they are ascertained.

70. Plaintiff further avers that the negligence and omissions of the Fictitious Defendants, identified as Defendants "ABC Corporations 1-10," combined and convened with the rest of the named Defendants to proximately cause the Plaintiff's injuries and damages. Defendants "ABC Corporations 1-10," whose current names and identities are unknown to the Plaintiff will be correctly named and identified when they are ascertained.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff claims of the Fictitious Defendants, "John Does 1-10," "Jane Does 1-10," and "ABC Corporations 1-10," for compensatory damages and punitive or exemplary damages in an amount to be determined by a struck jury, in excess of the jurisdictional requirements of this Court, plus costs.

## RELIEF SOUGHT

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff, Jimmy Hugh Duvall, Jr., individually, as well as in his capacity as the Court appointed Administrator of the Estate of Brandon Cross Duvall, and next of kin, and on behalf of the wrongful death beneficiaries of Brandon Cross

Duvall, deceased, prays for judgment of, from and against Defendants for all damages proximately caused or contributed by their negligence, recklessness, gross negligence, wantonness, and other acts, including all amounts contemplated under 42 U.S.C. § 1983, et. seq., and prejudgment interest, costs of court and reasonable attorney fees, and punitive damages in an amount to be calculated to deter Defendants. Plaintiff further prays for any other general relief, which he may be entitled.

**RESPECTFULLY SUBMITTED,** this the __23__ day of __March__, 2018.

**JIMMY HUGH DUVALL, JR., INDIVIDUALLY, AND ON BEHALF OF THE WRONGFUL DEATH BENEFICIARIES OF BRANDON CROSS DUVALL, DECEASED**

/s/ Derek L. Hall, Esq.

By:  DEREK L. HALL, PC

Derek L. Hall, Esq. (MSB# 10194)
Megan E. Timbs (MSB# 105331)
DEREK L. HALL, PC
1911 Dunbarton Drive
Jackson, MS 39216
Tel.: 601-202-2222
Fax: 601-981-4717
Email: derek@dlhattorneys.com
Email: megan@dlhattorneys.com
*Attorneys for Plaintiff*