IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JIMMY HUGH DUVALL, JR.**                                                                **PLAINTIFF**

v.                                                                                       CAUSE NO. 3:18cv39-LG-LRA

**SMITH COUNTY, MISSISSIPPI; JASON
RUNNELS,** *in his individual and official
capacities*; **TRISTAN HERNANDEZ; and
SOUTHERN STYLES SALON**                                                                **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

BEFORE THE COURT is the [29] Motion for Judgment on the Pleadings Based on Qualified Immunity filed by Defendant Jason Runnels. The Motion argues that Runnels is entitled to qualified immunity from Plaintiff Jimmy Hugh Duvall, Jr.'s claim under 42 U.S.C. § 1983 because the plaintiff has failed to allege a violation of clearly established law. The Motion is fully briefed. Having reviewed the pleadings, the submissions of the parties, and relevant law, the Court concludes that Defendant Runnels' Motion should be granted because the plaintiff has failed to allege facts which tend to show that Runnels violated his substantive due process rights under the Fourteenth Amendment. Also, because Plaintiff's § 1983 claim against Smith County, Mississippi is premised upon Runnel's conduct, Plaintiff's § 1983 claim against Smith County will be dismissed with prejudice *sua sponte*. Finally, the Court declines to retain supplemental jurisdiction over Plaintiff's state law claims and will dismiss those claims without prejudice.

I. BACKGROUND

This lawsuit was filed on December 22, 2017 in the Circuit Court of Smith County, Mississippi. Defendants Smith County, Mississippi and Jason Runnels then removed this case to federal district court on January 19, 2018. Federal jurisdiction is premised upon 28 U.S.C. § 1331 due to Plaintiff's claims under 42 U.S.C. § 1983. The plaintiff, Jimmy Duvall, has filed suit individually and in his capacity as the appointed Administrator of the Estate of Brandon Cross Duvall. The facts alleged in the Second Amended Complaint (which is the operative complaint) can be summarized as follows.

At 4:10 A.M. on January 15, 2017, Brandon Cross Duvall was a passenger riding on a motorbike driven by Defendant Tristan Hernandez when the bike was struck by a sheriff's vehicle driven by Defendant Jason Runnels, an officer with the Smith County, Mississippi Sheriff's Department. Tragically, Brandon Duvall was killed in the collision. At the time of the collision, Runnels was driving in excess of 100 miles per hour eastbound on Highway 28, without blue lights or sirens, and straddling the center yellow line of the two-lane roadway. Hernandez drove the bike without illuminated headlights.

Runnels had been on-duty since the previous night, and his shift had ended at 3:35 A.M. He was driving home on Highway 28 towards Magee, Mississippi when, at 4:08 A.M., dispatch radioed that a security company had reported that an alarm system at the address for Southern Styles Salon in Mize, Mississippi had been triggered by motion in the front and rear of the building. Dispatch conveyed to

Runnels that no ongoing crime was reported, but that the security company requested for an officer to check out the property.  Dispatch asked Runnels to respond to this call for service despite his being off duty.  Runnels confirmed at 4:09 A.M. that he was back on-duty and would respond to the call for service and turned around his vehicle on Highway 28.  He telephoned dispatch at 4:10 A.M. to report that he had hit a motorcycle with his vehicle.

Plaintiff asserts that Runnels knew that the alarm system at Southern Styles Salon had recently malfunctioned and, therefore, knew or should have known from personal experience and the dispatcher's information that he was not responding to an emergency.  Plaintiff alleges that Runnel's actions exhibit contemplation and intent to harm, such that no objectively reasonable police officer would have responded in the same way to this non-emergency call.  This, says Plaintiff, violated Brandon Duvall's right to substantive due process under the Fourteenth Amendment.  Plaintiff also asserts a § 1983 claim against Smith County and negligence claims against Smith County, Hernandez, and Southern Styles Salon.[1]

On August 16, 2018, Defendant Runnels filed the instant Motion for Judgment on the Pleadings Based on Qualified Immunity.  The Motion argues that Runnels is entitled to qualified immunity from Plaintiff's § 1983 claim because Plaintiff's allegations do not state a constitutional violation and, even if they did, no such violated right was clearly established at the time of the incident.  Plaintiff maintains that he has stated a plausible claim for relief under law clearly

---

[1] Plaintiff's negligence claim against Defendant Runnel was dismissed by [40] Agreed Order entered September 26, 2018.

established by *County of Sacramento v. Lewis*, 523 U.S. 833 (1998) and *Checki v. Webb*, 785 F.2d 534 (5th Cir. 1986).  Assuming that the law at issue is clearly established, the Court finds that the facts alleged, viewed in the light most favorable to the plaintiff, do not articulate a constitutional violation.

## II. DISCUSSION

a. Standard of Review

"A Motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).  To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In deciding a Rule 12(c) motion, the Court accepts all well pleaded facts as true and views them in the light most favorable to Plaintiff.  *Linicomn v. Hill*, 902 F.3d 529, 533 (5th Cir. 2018).  But "the complaint must allege more than labels and conclusions, a formulaic recitation of the elements of a cause of action will not do, and factual allegations must be enough to raise a right to relief above the speculative level." *Jabaco, Inc. v. Harrah's Operating Co., Inc.*, 587 F.3d 314, 318 (5th Cir. 2009).  "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664.

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

    b. <u>Qualified Immunity</u>

42 U.S.C. § 1983 provides a cause of action for the violation of an individual's rights secured by the Constitution or laws of the United States by a person acting under color of state law. However, "[t]he doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)). Accordingly, a government official is entitled to immunity from suit unless (1) Plaintiff has made allegations sufficient to show a violation of a constitutional right, and (2) the right at issue was "clearly established" at the time of the official's alleged misconduct. *Id.* at 232 (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).

    c. <u>Analysis</u>

Duvall's § 1983 claim against Runnels is premised upon the Due Process Clause of the Fourteenth Amendment. The Due Process Clause prevents government officials from abusing their power or employing it as an instrument of oppression. *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998). "[T]he substantive component of the Due Process Clause is violated by executive action only when it 'can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense.'" *Id.* at 847 (quoting *Collins v. City of Harker Heights, Tex.,*

503 U.S. 115, 128 (1992)). "While the measure of what is conscience shocking is no calibrated yard stick," the Supreme Court has "repeatedly emphasized that only the most egregious official conduct can be said to be 'arbitrary in the constitutional sense . . . .'" *Id.* at 846-47 (quoting *Collins,* 503 U.S. at 129).

The standard by which police officer conduct is to be judged under the Fourteenth Amendment depends on the circumstances surrounding the officer's actions. *See id.* at 850-54; *Daniels v. City of Dallas*, 272 F. App'x 321, 322-23 (5th Cir. 2008); *Terrel v. Larson*, 396 F.3d 975, 980 (8th Cir. 2005); *Checki v. Webb*, 785 F. 2d 534, 538 (5th Cir. 1986). When "actual deliberation" by the officer is "practical," deliberate indifference provides the applicable standard. *Lewis*, 523 U.S. at 851. "But when unforeseen circumstances demand an officer's instant judgment, even precipitate recklessness fails to inch close enough to harmful purpose to spark the shock that implicates 'the large concerns of the governors and the governed.'" *Id.* at 853 (citation omitted). Thus, in the context of high-speed chases, only an officer's "intent to harm suspects physically or to worsen their legal plight" will shock the conscience and give rise to liability under the Fourteenth Amendment. *Id.* at 854. Where an officer is not in hot pursuit, deliberate indifference may give rise to liability. *See id.* at 851; *Daniels*, 272 F. App'x at 322-23; *Hill v. Shobe*, 93 F.3d 418, 421-22 (7th Cir. 1996) (cited approvingly in *Daniels*). But negligence, or even gross negligence, does not rise to the threshold of a constitutional violation. *Daniels*, 272 F. App'x at 323; *Checki*, 785 F.2d at 538; *Hill*,

93 F.3d at 421; *Cannon v. Taylor*, 782 F.2d 947, 950 (11th Cir. 1986) (relied on in *Checki*).

In *Wilcox v. Fenn*, No. 1:08-CV-20(WLS), 2009 WL 10673373 (M.D. Ga. Mar. 30, 2009), a father and son were driving their SUV with a U-Haul trailer in-tow on the interstate when they were struck by an officer's vehicle. The father was injured in the collision and the son was killed. The defendant officer was travelling in excess of 90 miles per hour, without lights or sirens, en route from Dougherty County to Savannah "to participate in 'Operation Rolling Thunder,' a large scale program to deter speeding on the highways." *Wilcox*, 2009 WL 10673373, at *1. As noted by the court, the officer was not responding to an emergency. The court even went so far as to note that the officer "intentionally violated the speed limit and drove with reckless disregard for the safety of others." *Id.* at *5. But relying on *Lewis*, *Checki*, and *Cannon*, the court held that the father and son had not stated a violation of their Fourteenth Amendment rights. In *Hill v. Shobe*, the Seventh Circuit found that an officer who was driving recklessly, knew that such recklessness could cause a fatal collision, and caused a fatal accident, did not engage in conduct violative of the Fourteenth Amendment.

> Indianapolis police officer Wallace Shobe ran a red light and crashed into the car which Robert McDonald Hill was driving. Shobe was driving well over the speed limit, even though he was not responding to any police emergency. Despite the speed, and although it was after midnight, Shobe had failed to have his cruiser's headlights, emergency lights, or siren operating. Hill suffered severe injuries in the crash, which eventually caused his death.

93 F.3d at 420. But, explained the Seventh Circuit, "[f]or a defendant to be reckless in a constitutional sense, he must be criminally reckless. Criminal recklessness – which is the same as 'deliberate indifference' – is a proxy for intent. For this reason, the Supreme Court teaches, the test for 'criminal recklessness' is subjective, not objective." *Id.* at 421 (citations omitted); *see Farmer v. Brennan*, 511 U.S. 825, 837 (1994). It is therefore "insufficient to show that a public official acted in the face of a recognizable but generic risk to the public." *Id.* "Rather, a plaintiff must demonstrate that the defendant had actual knowledge of impending harm which he consciously refused to prevent." *Id.* Accordingly, the court found that the plaintiff's allegations did not state an actionable § 1983 claim.

By contrast, the circumstances under which courts have found due process claims cognizable have involved allegations of a "guilty state of mind" by the defendant officer. For example, in *Garth v. City of Chicago*, the court found that the plaintiff's claims were actionable because he alleged "from the outset and even before the chase [that the officer] was trying to harm him for no legitimate reason." No. 08 C 5870, 2009 WL 3229627, at *4 (N.D. Ill. Oct. 2, 2009). In *McGowan v. Cty. of Kern*, the court determined allegations that an officer – who had twice previously be found at fault for traffic collisions due to traveling at unsafe speeds – and who drove at excessive speed through a red light at a blind intersection while responding to a non-emergency call, to which other officers were also responding, plausibly evidenced the officer's intent to "induce . . . lawlessness, or to terrorize, cause harm, or kill." No. 115CV01365DADSKO, 2018 WL 2734970, at *9-10 (E.D. Cal. June 7,

2018) (citation and internal quotation marks omitted).  Of particular importance to the *McGowan* court were the substantial allegations of a departmentwide "culture of senseless daredevil risk-taking" and that the defendant officer was merely attempting to win the race to the call and prove his speedy credentials.  *Id.* at *9.

Speaking specifically about automobile accidents involving officers, the Fifth Circuit has instructed that no § 1983 claim is stated "[w]here a citizen suffers physical injury due to a police officer's *negligent* use of his vehicle . . . .  It is a different story when a citizen suffers or is seriously threatened with physical injury due to a police officer's *intentional misuse* of his vehicle."  *Checki*, 785 F.2d at 538 (emphasis in original); *see also Lewis*, 523 U.S. at 854 n.13 (citing this language from *Checki* with approval); *Hill*, 93 F.3d at 421 ("We hold therefore that motor vehicle accidents caused by public officials or employees do not rise to the threshold of a constitutional violation actionable under § 1983, absent a showing that the official knew an accident was imminent but consciously and culpably refused to prevent it."); *Cannon*, 782 F.2d at 950 ("[W]e hold that a person injured in an automobile accident caused by the negligent, or even grossly negligent, operation of a motor vehicle by a policeman acting in the line of duty has no section 1983 cause of action for violation of a federal right.")  "To hold otherwise would diminish the civil rights statutes to the equivalent of a body of general federal tort law, and open the courts to a flood of litigation which the framers of § 1983 clearly did not intend."  *Hill*, 93 F.3d at 422.

In attempting to distinguish the facts of the present case from circumstances that other courts have deemed mere negligence, Plaintiff relies primarily on the Tenth Circuit's opinion in *Browder v. City of Albuquerque*, 787 F.3d 1076 (10th Cir. 2015) (Gorsuch, J.). In *Browder*, the Tenth Circuit reasoned,

> *Lewis* held specific intent may be required to suggest arbitrary or conscience-shocking behavior in cases where the officer has been asked to respond to emergencies of citizens in need. But the case never suggested that such a demanding form of mens rea is necessary or appropriate to suggest arbitrary or conscience-shocking conduct in cases where the officer isn't pursuing any emergency or any official business at all. And for good reason. The officer in these circumstances faces no tug between duties owed to two sets of innocents, there is no emergency, no one has called for his aid, and he sits instead in the same place as everyone else when it comes to respecting the rights of others.

*Browder*, 787 F.3d at 1081. The court went on to conclude that the defendant officer's alleged conduct – while off-duty, speeding at 66 miles per hour in his police cruiser, blue lights on, on city surface streets through ten intersections and, at the eleventh, through a red light, colliding with the plaintiffs' car, killing the driver and gravely injuring the passenger – stated a § 1983 claim for violation of the plaintiffs' due process rights. *Id.*, at 1077, 1082. In so finding, the court made clear that it thought the described conduct constituted "intentional misuse" of the officer's vehicle. *Id.* at 1083.

Regardless of whether the Fifth Circuit would agree with the Tenth Circuit's conclusion, the Court finds that the alleged facts of the instant case do not rise to the level of conduct found to be an abuse of power in *Browder*. The officer in

*Browder* was off-duty and driving on his own time. There were no emergent or non-emergent circumstances to which the officer was responding. Officer Runnels was indisputably on-duty and responding to a request from a security company to check on its client's property. Accepting as true Plaintiff's allegation that Runnels knew the property had a faulty security system does not elevate the described conduct beyond negligence. Viewed through prism of hindsight, driving in excess of 100 miles per hour without sirens or emergency lights while responding to an official call may be imprudent, but as a matter of law it does not, in and of itself, constitute intentional misuse of a vehicle. *See Daniels*, 272 F. App'x at 323 (noting that the Fifth Circuit had previously affirmed a district court's holding "that a police officer who was speeding without lights or a siren in response to a non-emergency call and killed an innocent passenger did not act with 'the level of arbitrary or intentional conduct that shocks the conscience in the constitutional sense.'"); *Cannon*, 782 F.2d at 948-49 (finding that an officer responding to a disturbance call at a local pool hall who drove without lights and sirens in excess of 46 miles per hour, where the speed limit was 30 miles per hour, and struck an automobile crossing an intersection amounted to no more than negligence).

Finally, in *Checki*, the Fifth Circuit concluded that a jury could find the subject police conduct to have been "inspired by malice rather than merely careless or unwise excess of zeal so that it amounted to an abuse of official power that shocks the conscience." 785 F.2d at 538 (internal quotation marks omitted).

> Checki was a passenger in a car traveling on Interstate 10 from New Orleans to Baton Rouge. Checki observed what

> appeared to be an Oldsmobile rapidly approaching the rear of his car. Inside that automobile were two men wearing cowboy hats and a woman. Neither Checki nor his driver knew that the Oldsmobile was an unmarked state police vehicle, or that the men inside were state troopers Allison and Webb.
>
> Alarmed at the tailgating, Checki's car was forced to take evasive action, which included accelerating to speeds in excess of 100 M.P.H. Allison and Webb pursued at times tailgating to within two to three feet of the Checki vehicle. It was not until the chase consumed approximately 20 miles in the Eastern District of Louisiana that Allison turned on his vehicle's red grill lights and siren. Nevertheless, neither Checki nor his driving companion believed that the pursuers were police.
>
> Checki and his companion, fearing for their physical safety, [exited the interstate to escape] the pursuing vehicle. . . . They were stopped at a roadblock erected by the state police, approximately thirty-one miles from the point of which they had first observed Allison and Webb''s vehicle. Shortly after Checki and his companion identified themselves, Allison and Webb arrived at the scene.

*Id.* at 535-36. Officer Runnel's alleged conduct does not approach the criminally reckless mens rea portrayed in *Garth*, *McGowan*, or *Checki*.

Given that the § 1983 claim against Smith County is premised upon the actions of Officer Runnels, the Court must similarly conclude that the plaintiff has failed to state a § 1983 claim against Smith County. This issue was not addressed in the instant Motion for Judgment on the Pleadings, but it is a necessary result that flows from the Court's findings and conclusions regarding the claim against Officer Runnels.

The claims remaining in this lawsuit are all pursuant to state law causes of action for negligence. Negligence claims under Mississippi law should be brought in state court where, as here, the defendants are in-state. Because the Court has dismissed all of the plaintiff's federal causes of action, the Court finds it appropriate to follow the "'general rule' that courts should decline supplemental jurisdiction when all federal claims are dismissed or otherwise eliminated from a case." *Certain Underwriters at Lloyd's, London v. Warrantech Corp.*, 461 F.3d 568, 578 (5th Cir. 2006). Thus, pursuant to 28 U.S.C. § 1367(c), the plaintiff's negligence claims against Smith County, Tristan Hernandez, and Southern Styles Salon are dismissed without prejudice.

### III. CONCLUSION

The Court has determined that Duvall's allegations in his Second Amended Complaint do not articulate a violation of his substantive due process rights under the Fourteenth Amendment. In sum, "[t]his is a case that, although tragic, involves negligence or even gross negligence but not deliberate indifference; under a substantive due process inquiry, ordinary tort liability does not obtain." *Daniels*, 272 F. App'x at 323. Officer Runnels is not alleged to have acted in ways evincing deliberate indifference towards civilian lives, so he did not violate the plaintiff's due process rights under the Fourteenth Amendment. Accordingly, the § 1983 claims against Officer Runnels and Smith County will be dismissed with prejudice. Because the Court declines to retain supplemental jurisdiction over the remaining

state law negligence claims against Smith County, Tristan Hernandez, and Southern Styles Salon, those claims will be dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [29] Motion for Judgment on the Pleadings Based on Qualified Immunity filed by Defendant Jason Runnels is **GRANTED**.  Plaintiff's claims under 42 U.S.C. § 1983 against Runnels and Smith County, Mississippi are dismissed with prejudice.

**IT IS FURTHER ORDERED AND ADJUDGED** that the plaintiff's negligence claims against Smith County, Mississippi, Tristan Hernandez, and Southern Styles Salon are dismissed without prejudice under 28 U.S.C. § 1367(c).  A separate final judgment shall be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 9th day of November, 2018.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE